Edward B. Taylor and William B. Taylor, trading as Taylor Brothers, Appellees, v. Charles T. Foley, Appellant.

## (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916.

### Statement of the Case.

Action on the case by Edward B. Taylor and William B. Taylor, partners, trading as Taylor Brothers, plaintiffs, against James Berry and Charles T. Foley, defendants, for fraud and deceit in wrongfully and fraudulently procuring plaintiffs to pay three drafts drawn on them, each executed by Berry and payable to the order of Foley, for the payment of horses purporting to have been bought by said Berry from Foley. From a judgment in favor of plaintiffs, defendant Foley alone appeals.

LINDLEY, PENWELL & LINDLEY, W. H. CLINTON and CHARLES TROUP, for appellant.

ACTON & ACTON, for appellees.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 8*—*when evidence insufficient to show agency*. In an action by a commission merchant against the maker and payee of drafts drawn on the plaintiff for fraud and deceit in wrongfully and fraudulently procuring plaintiff to pay such drafts, evidence *held* sufficient to sustain a finding that the maker was not the agent of the plaintiff for the purpose of buying horses

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for him, and that he had no authority to execute the draft in question.

2. BILLS AND NOTES, § 440*—*when evidence sufficient to show fraud by payee of draft.* In an action by a commission merchant against the maker and payee of drafts drawn on the plaintiff, where it appeared that the maker had authority to buy horses but was required to ship them to the plaintiff, who would sell them and credit the maker with the proceeds thereof, that the maker had authority to draw a draft for the purchase price of horses so shipped and for incidental expenses incurred in the buying and shipping of them, that the maker gave the payee such drafts in payment for checks for the ostensible purpose of buying and paying for horses purchased from a party from whom he claimed to have no authority to buy, and that he used the proceeds of such draft for his own personal purposes, evidence *held* sufficient to sustain a finding that the payee was guilty of fraud and deceit.

3. FRAUD, § 6*—*what constitutes.* It is a fraud in law if a party makes representations which he knows to be false and injury ensues, although the motive from which the representations proceeded may not have been bad, and it is unnecessary that they be made with a design or intention to cause injury to the other party.